UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Robert C. Begordis,

              Petitioner,

vs.                                    REPORT AND RECOMMENDATION

Joan Fabian,

            Respondent.       Civ. No. 05-2090 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Application for Habeas Corpus relief, under Title 28 U.S.C. §2254, see, Docket No. 1.  The Petitioner appears pro se, and the Respondent appears by Thomas R. Ragatz, Assistant Minnesota Attorney General, and Debra E. Schmidt, Assistant Dakota County Attorney. For reasons which follow, we recommend that the Respondent's Motion to Dismiss be denied without prejudice,

and that the Respondent be granted leave to respond substantively to the merits of Begordis's Petition.

## II. Factual and Procedural Background

In November of 2002, the Petitioner was convicted in the Minnesota State District Court for Dakota County on State criminal charges of criminal sexual conduct. The Petitioner was sentenced to eighty-six (86) months in State prison, and is currently serving his sentence at the Minnesota Correctional Facility, in Stillwater, Minnesota.

Following his conviction, the Petitioner filed a direct appeal, in which he argued that: (1) the prosecution should have been required to divulge certain potentially exculpatory evidence; (2) the prosecution should not have been permitted to present certain impeachment evidence to the Jury; and (3) there was insufficient evidence to support his conviction. The Minnesota Court of Appeals rejected all three (3) of the Petitioner's claims on their merits, and affirmed his conviction. State v. Begordis, 2004 WL 1326083 (Minn. App., June 15, 2004), rev. denied (Minn., August 25, 2004). The Minnesota Supreme Court denied the Petitioner's application for further review, and thereafter, the United States Supreme Court denied his application for a Writ of Certiorari, Begordis v. Minnesota, 543 U.S. 1126 (2005), as well as his subsequent

request for a rehearing, <u>Begordis v. Minnesota</u>, --- U.S. ---, 125 S.Ct. 1658 (Mar. 21, 2005).

The Petitioner's original Federal Habeas Corpus Petition listed four (4) grounds for relief -- the three (3) claims that he previously presented to the Minnesota Court of Appeals in his direct appeal, plus a new claim which asserted ineffective assistance of appellate counsel.   Since the Petitioner's ineffective assistance of counsel claim had not been presented to the State Courts, we recommended that the action be summarily dismissed, but without prejudice, due to the Petitioner's failure to exhaust his State Court remedies for all of his then-current claims, and the District Court, the Honorable Ann D. Montgomery, adopted our Report.   See, <u>Report and Recommendation</u>, <u>Begordis v. Fabian</u>, Civ. No. 05-1678 (ADM/RLE), <u>Docket Nos. 3 and 4</u>.

The Petitioner then filed this Federal Habeas Petition on September 9, 2005. The Petition reiterates the same grounds for relief that the Petitioner had previously brought in his original Federal Habeas Petition, except for the omission of the unexhausted ineffective assistance of counsel claim.   See, <u>Petition</u>, <u>Docket No. 1</u>.[1]

---

[1]We note in passing that the posting of the Petition to the CM/ECF filing system failed to fully image several of the pages, including a listing of the grounds on which the Petitioner predicates his request for Habeas relief.   Our review of the actual Petition lists the same three (3) grounds as the Petitioner had advanced in his State Court

The Respondent recognizes that the "Petitioner raised essentially the same claims in the Minnesota Court of Appeals, which rejected the claims on their merits." Memorandum in Support of Motion to Dismiss Petition for Writ of Habeas Corpus ("Respondent's Brief"), Docket No. 5, at 1. However, the Respondent's Motion to Dismiss is solely based on the Petitioner's alleged failure to fairly present, and alert the Minnesota Supreme Court, to the Federal nature of his claims, and accordingly, his alleged failure to exhaust his State Court remedies on those Federal issues. Id. at 2. Notably, the Respondent's Motion to Dismiss fails to address the merits of the Petition, or address any other potentially applicable procedural bars.

III. Discussion

1.    Standard of Review.  It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State prisoner unless the prisoner has first exhausted all available State Court remedies.  See, Title 28 U.S.C. §2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982); see also, Armstrong v. State of Iowa, 418 F.3d 924, 925-26 (8th Cir. 2005), cert. denied, --- U.S. ---,  126 S. Ct. 1351 (February 21, 2006)("Federal habeas

proceedings.

relief is available to a petitioner after he 'has exhausted the remedies available in the courts of the State.'"), quoting <u>Title 18 U.S.C. §2254(b)(1)(A)</u>.  The exhaustion of State remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that State Courts are given the first opportunity to correct alleged Federal constitutional errors raised by State prisoners.  <u>O'Sullivan v. Boerckel</u>, supra at 844; <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>Rose v. Lundy</u>, supra at 518-19; <u>Curtiss v. Mount Pleasant Correctional Facility</u>, 338 F.3d 851, 855 (8th Cir. 2003), cert. denied, 540 U.S. 1060(2003)("The exhaustion requirement serves AEDPA's goal of promoting 'comity, finality, and federalism,' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'"), quoting <u>Carey v. Saffold</u>, 536 U.S. 214, 220 (2002).

In order to exhaust his State Court remedies, a prisoner must fairly present his constitutional claims to the highest available State Court before seeking relief in Federal Court.  <u>O'Sullivan v. Boerckel</u>, supra at 845; <u>Duncan v. Henry</u>, supra at 365-66; see also, <u>Dixon v. Dormire</u>, 263 F.3d 774, 777 (8th Cir. 2001); <u>McCall v. Benson</u>, 114 F.3d 754, 757 (8th Cir. 1997)("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court.").  The exhaustion of State remedies requires

more than the fact that the Federal Habeas applicant has been through the State Courts. See, Picard v. Connor, 404 U.S. 270, 275 (1971). To serve the purpose of the rule, the State Courts must have the first opportunity to hear the claim sought to be vindicated in a Federal Habeas proceeding. Id. at 275-76. The State Court has an opportunity to hear a claim, when the claim has been fairly presented, by reference to a specific Federal constitutional right, a Federal case, or a State case, raising a pertinent Federal constitutional issue. See, Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005), cert. denied, --- U.S. ---, 126 S. Ct 93 ( 2005), quoting Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999), cert. denied, 528 U.S. 846 (1999), citing in turn, Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996). Claims are exhausted only when the same factual underpinnings, and legal theories, were first properly raised in the State Courts. Id.

2. <u>Legal Analysis</u>. Here, the sole basis, upon which the Respondent contends that a dismissal of the Petition is warranted, is the Petitioner's failure to fairly present the Federal nature of his claims to the Minnesota Supreme Court. See, Cox v. Burger, supra at 1031; Abdullah v. Groose, supra at 411-12("In order to present a habeas claim to the state court, a prisoner must "fairly present" not only the facts, but also the substance of his federal habeas corpus claim."), citing Anderson v. Harless,

459 U.S. 4, 6 (1982).  In order to determine whether the Respondent's contention is correct, we must examine the Petitioner's filings throughout the appellate process in the Minnesota Court of Appeals, as well as the Minnesota Supreme Court.  See, <u>Dye v. Hofbauer</u>, --- U.S. ---, 126 S. Ct. 5, 7 (2005)(finding that a Habeas petitioner alerted the Michigan Courts to the Federal nature of his claims by citing to cases in his brief to the Michigan Court of Appeals, as well as to the Fifth and Fourteenth Amendments to the United States Constitution).

Specifically, the Respondent contends that the Petitioner's claims, which allege that the Trial Court denied him due process of law and a fair Trial, were not supported by any citations to Federal case law or to a provision of the United States Constitution.  See, <u>Respondent's Brief</u>, at 4.  The Respondent does note that the Petitioner, in his Brief to the Minnesota Supreme Court, cited <u>State v. Paradee</u>, 403 N.W.2d 640 (Minn. 1987), in the context of the need for <u>in camera</u> review, but argues that <u>Paradee</u> does not deal with a Federal constitutional issue.

We disagree with the Respondent's wholesale dismissal of the Petitioner's claim, as never having been fairly presented as a Federal claim to the Minnesota Courts.  The Petitioner's first claim was that his conviction was obtained by a failure to disclose exculpatory evidence, which encompassed various records about his

accuser.    In  its  decision,  the  Minnesota  Court  of  Appeals  recognized  that  the

Petitioner's claims related to a Federal claim, in that the "prosecutor must disclose

evidence 'that tends to negate or reduce the guilt of the accused as to the offense

charged' in accordance with the due process demands expounded in <u>Brady v.</u>

<u>Maryland,</u> 373 U.S. 83, 87 83 S. Ct. 1194, 1196-1197 (1963)."  See, <u>State v. Begordis,</u>

supra at *3, quoting <u>Brady v. Maryland,</u> supra.    Furthermore, the Court recognized

that the Trial Court "must be mindful of the defendant's right to 'be afforded a

meaningful opportunity to present a complete defense.'"  <u>Id.</u> at *2, quoting <u>State v.</u>

<u>Wildenberg,</u> 573 N.W.2d 692, 696 (Minn. 1998), quoting in turn, <u>California v.</u>

<u>Trombetta,</u> 467 U.S. 479, 485 (1984).

On the basis of those references, we find that the Minnesota Court of Appeals

was certainly aware of the Federal law implications of the Petitioner's claim.    In so

doing, we are mindful of the holding in <u>Baldwin v. Reese,</u> 541 U.S. 27 (2004), which

provided that:

> [O]rdinarily a state prisoner does not 'fairly present' a claim
> to a state court if that court must read beyond a petition or
> a brief (or a similar document) that does not alert it to the
> presence of a federal claim in order to find material, such as
> a lower court opinion in the case, that does so.

<u>Id.</u> at 32.

Here, however, the Minnesota Supreme Court was not required to look solely to the Minnesota Court of Appeals' opinion in order to ascertain that the Petitioner was advancing claims with a Federal component. For example, we note that the Petitioner cited Pennsylvania v. Ritchie, 480 U.S. 39 (1987), in support of his contention that his due process rights, under the United States Constitution, were violated when the Trial Court refused to review pertinent records after an assertedly proper showing by the Petitioner. See, Petitioner's Memorandum in Support of Writ, Docket No. 2, at 10. We also note that the same claim was presented in the Petitioner's Brief before the Minnesota Supreme Court, albeit while addressing the applicable State law, which had interpreted the need for in camera review, under Pennsylvania v. Ritchie, supra. See, Appellant's Petition for Further Review to the Minnesota Supreme Court, at 3-5, citing State v. Paradee, supra.

Our reading of Paradee convinces us that it would indeed fall under the auspices of a "State case, raising a pertinent Federal constitutional issue." Cox v. Burger, supra at 1031. The Minnesota Supreme Court has subsequently recognized that "[i]n [State v.] Paradee, we followed [Pennsylvania v.] Ritchie and concluded that for purposes of discovery, an in camera review of a child sex crime victim's confidential county welfare records adequately protected a criminal defendant's Sixth Amendment rights."

State v. Wildenberg, supra at 696, citing State v. Paradee, supra at 642.  Given that the Minnesota Supreme Court's subsequent recognition that a Federal issue was inherent in State v. Paradee, supra, the Respondent cannot responsibly argue that the Petitioner's claim failed to alert the Minnesota Supreme Court to the Federal law issues contained in his claims.

We further note that the Respondent has failed to mention that the Petitioner cited Crane v. Kentucky, 476 U.S. 683 (1986), in his brief to the Minnesota Supreme Court.   In that Brief, the Petitioner contended that "[e]xclusion of [a witness'] testimony, however, was clearly erroneous and a violation of Petitioner's constitutional right to present a defense, Crane v. Kentucky, 476 U.S. 683 (1986)."  See, Appellant's Petition for Further Review to the Minnesota Supreme Court, at 10.

In Crane, the Supreme Court determined that a defendant's Due Process rights were violated when the Trial Court refused to allow the defense to present any testimony bearing on the circumstances under which the confession was obtained. See, Crane v. Kentucky, supra at 685.  Such testimony was particularly relevant in Crane, because the defendant's confession was the most persuasive evidence of his guilt, and because his interrogation was not recorded by law enforcement officials. Our Court of Appeals has recognized that Crane stands for the proposition that "[i]t

is well established that the Fourteenth Amendment, along with the Sixth Amendment, guarantee criminal defendants the opportunity to present a complete defense, including the right to present relevant testimony." Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999), cert. denied, 528 U.S. 1141 (2000), citing Crane v. Kentucky, supra.

Here, given that the Petitioner referenced a right granted under the United States Constitution, coupled with a citation to a Unites States Supreme Court case that interpreted that right, we conclude that the Minnesota Supreme Court was fairly presented with the Federal nature of the Petitioner's claim, that the Trial Court's refusal to allow the Petitioner to offer his own prior consistent statements, potentially denied the Petitioner's constitutional right to present a defense. Accordingly, when coupled with the previous references to State v. Paradee, and the Minnesota Court of Appeal's decision, the Minnesota Supreme Court was fairly presented with the Federal nature of the Petitioner's claims.

As noted, the Respondent's Motion to Dismiss is premised solely on the Petitioner's failure to exhaust his administrative remedies, by failing to fairly present the Federal nature of his claims to the State Courts. Since we disagree with that premise, we recommend that the Respondent's Motion to Dismiss be denied without prejudice, in order to allow the Respondent to substantively address the merits of the

Petitioner's claims.   Here, the Respondent could well have been satisfied that no substantive defense to the Petition was warranted, but our rejection of the Respondent's procedural defense as unavailing, requires that the Respondent be afforded to present any substantive defenses she may have to the Petitioner's request for Habeas relief.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Respondent's Motion to Dismiss [Docket No. 4] be denied, and that Respondent be granted leave to respond to the merits of Begordis's Petition.


Dated: April 3, 2006                    s/Raymond L. Erickson
                                        ‾
                                        Raymond L. Erickson
                                        CHIEF U.S. MAGISTRATE JUDGE


**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 20,**

**2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 20, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.