# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Robert C. Begordis,

              Petitioner,          **MEMORANDUM OPINION**
                                **AND ORDER**
      v.                          Civ. No. 05-2090 ADM/RLE

Joan Fabian,

              Respondent.

_____

Robert C. Begordis, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Robert C. Begordis' ("Petitioner") Objections [Docket No. 9] to Magistrate Judge Raymond L. Erickson's April 3, 2006 Report and Recommendation ("R&R") [Docket No. 8]. For the reasons set forth below, the Objections are overruled and the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of Petitioner's present Objections.

## II. BACKGROUND

On September 9, 2005, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1]. On September 13, 2005, Magistrate Judge Erickson issued a Show Cause Order [Docket No. 3] directing Respondent Joan Fabian ("Respondent") to answer Petitioner's Petition. The Order expressly stated: "Respondent's answer shall fully comply with the requirements of Rules 5(b), (c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts." Order at 1. On October 13, 2005, Respondent filed a Motion to Dismiss [Docket No. 4] based solely on exhaustion of state court remedies in that Petitioner

failed to first fairly present all grounds raised in the Petition to the Minnesota Supreme Court.

See 28 U.S.C. § 2254(b)(1); Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005) (holding that a

claim is "fairly presented" when the petitioner refers "to a specific federal constitutional right, a

particular constitutional provision, a federal constitutional case, or a state case raising a pertinent

federal constitutional issue"); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) ("A claim is

considered exhausted when the petitioner has afforded the highest state court a fair opportunity

to rule on the factual and theoretical substance of his claim.").  Respondent also asked to be

granted additional time to respond to the merits of the Petition if the Motion to Dismiss was

denied.  Motion to Dismiss at 1-2.  In his R&R, Magistrate Judge Erickson recommends denial

of Respondent's Motion to Dismiss, and that Respondent be granted leave to respond to the

merits of Petitioner's Petition.

Petitioner objects, arguing that Respondent has not complied with Rules 4 and 5 of the

Rules Governing Section 2254 Cases in the United States District Courts ("the Rules") by not

responding to the merits of the Petition, has disregarded a court order, and has caused

unnecessary delay by filing an unauthorized motion to dismiss.  Objections at 6.  As a result,

Petitioner avers that Respondent should not be allowed to file an answer, or in the alternative,

Respondent's time in which to file an answer should be strictly limited.  Objections at 11.

Notably, Respondent did not object to the R&R.  Instead, on April 14, 2006, Respondent

answered Petitioner's Petition with a Memorandum in Opposition ("Answer") [Docket No. 10],

and on May 10, 2006, Petitioner filed a Reply Memorandum [Docket No. 11].

2

## III. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Rule 5(b) of the Rules states: "The answer must address the allegations in the petition.  In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."  The advisory committee notes to Rule 5 state:

> The answer must respond to the allegations of the petition.  While some districts require this by local rule, under 28 U.S.C. § 2243 little specificity is demanded.  As a result, courts occasionally receive answers which contain only a statement certifying the true cause of detention, or a series of delaying motions such as motions to dismiss.  The requirement of the proposed rule that the "answer shall respond to the allegations of the petition" is intended to ensure that a responsive pleading will be filed and thus the functions of the answer fully served.

> The answer must also state whether the petition has exhausted his state remedies.  This is a prerequisite to eligibility for the writ under 28 U.S.C. § 2254(b) and applies to every ground the petitioner raises.  Most form petitions now in use contain questions requiring information relevant to whether the petitioner has exhausted his remedies.  However, the exhaustion requirement is often not understood by the unrepresented petitioner.  The attorney general has both the legal expertise and access to the record and thus is in a much better position to inform the court on the matter of exhaustion of state remedies.  An alleged failure to exhaust state remedies as to any ground in the petition may be raised by a motion by the attorney general thus avoiding the necessity of a formal answer as to that ground.

In this case, Respondent filed a Motion to Dismiss rather than an Answer as the letter of the Show Cause Order directed.  However, as the advisory committee notes state, exhaustion of state court remedies is a prerequisite to the ability to file a habeas petition, and respondents are

often in a better position to inform the court about a petitioner's failure to exhaust.  Also, the advisory committee notes specifically state that a respondent's allegations of failure to exhaust obviate the need to file an answer.  In this case, Respondent alleges that Petitioner failed to exhaust with respect to all four grounds raised.  Respondent could have filed an answer and a motion to dismiss simultaneously, but had Magistrate Judge Erickson granted Respondent's Motion to Dismiss, Respondent's Answer would have been moot.  As a result, Respondent properly conserved resources by first filing a Motion to Dismiss and preserving the right to address the merits if needed.

In addition, Respondent's Motion was filed in good faith and was not an unnecessary delaying motion.  In his Petition, Petitioner raises four grounds for relief: (1) the trial court's failure to produce all of the complaining witness' records after an adequate showing had been made violated Petitioner's Due Process rights ("first ground"), (2) the evidence was insufficient to prove the elements of the charge by proof beyond a reasonable doubt and violated Due Process ("second ground"), (3) the trial court's evidentiary rulings cumulatively denied Petitioner his Due Process right to present a defense ("third ground"), and (4) the trial court's failure to order production of all of the complaining witness' records prohibited the Petitioner from effectively cross-examining the witnesses against him ("fourth ground").  Mem. in Supp. [Docket No. 2] at 7, 11, 13, 16.  As Magistrate Judge Erickson determined, the first, second, and third grounds were arguably raised before the Minnesota Court of Appeals and the Minnesota Supreme Court.  Appendix [Docket No. 5] 1 (Appellant's Br. to Minn. Ct. App.), 5 (Appellant's Br. to Minn. Supreme Ct.).  However, the fourth ground was raised for the first time before the United States Supreme Court in Petitioner's Petition for Rehearing, and thus the Minnesota state

courts never had an opportunity to address it.  Id. 10 (Pet. for Reh'g to United States Supreme

Ct.).  Additionally, while Petitioner alerted the state courts to the federal nature of the first and

third grounds by his citation to federal constitutional rights, federal constitutional cases, and state

cases raising federal constitutional issues, it is not clear that Petitioner adequately alerted the

state courts to the federal character of the second ground, stating only that the Court should grant

review to "vindicate Petitioner's constitutional right to be proven guilty beyond a reasonable

doubt."  Id. 5 at 8.  As a result, Respondent had a sound basis for filing a Motion to Dismiss and

it was not an unnecessary delaying motion.[1]

Finally, Petitioner's Objections are largely moot.  Four days after Petitioner filed his

Objections, Respondent filed an Answer to Petitioner's Petition.  Petitioner subsequently filed a

Reply to the Answer, and Petitioner's Petition is currently under advisement before Magistrate

Judge Erickson.  Consequently, Petitioner's Petition will be decided on its merits rather than by a

procedural default.  Cf. Bermudez v. Reid 733 F.2d 18, 21 (2d Cir. 1984) ("[W]ere district courts

to enter default judgments without reaching the merits of the claim, it would be not the

defaulting party but the public at large that would be made to suffer, by bearing either the risk of

releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying

them.").

---

[1] Because Respondent did not object to the R&R, the Court confines its Order to addressing Petitioner's Objections and refrains from ruling on whether Petitioner's claims were "fairly presented" to the Minnesota Supreme Court.

**IV. CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      The R&R [Docket No. 8] is **ADOPTED**;

2.      Petitioner's Objections [Docket No. 9] are **OVERRULED**; and

3.      Respondent's Motion to Dismiss [Docket No. 4] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 11, 2006.

6