UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert C. Begordis,

        Petitioner,          **MEMORANDUM OPINION AND ORDER**

v.          Civ. No. 05-2090 ADM/RLE

Joan Fabian,

        Respondent.

_____

Robert C. Begordis, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Robert C. Begordis's ("Petitioner") Objections [Docket No. 16] to Magistrate Judge Raymond L. Erickson's January 4, 2007 Report and Recommendation ("R&R") [Docket No. 15]. For the reasons set forth below, the Objections are overruled and the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of Petitioner's present Objections.

## II. BACKGROUND

On September 9, 2005, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1]. Petitioner sought relief on three grounds: (1) the failure to produce the entire medical record of the juvenile victim violated Petitioner's Due Process rights, and the absence of these records prohibited Petitioner from effective cross-examination of witnesses against him, Mem. in Supp. [Docket No. 2] at 7, 11; (2) the trial court's evidentiary rulings denied Petitioner's Due Process rights, Mem. in Supp. at 13; and (3) there was insufficient evidence to prove the elements of the charge beyond a reasonable doubt, Mem. in Supp. at 16.

On October 13, 2005, Respondent Joan Fabian ("Respondent") filed a Motion to Dismiss [Docket No. 4], which was denied, and Respondent was granted leave to respond to the merits of Petitioner's Petition. R&R [Docket No. 8]. Petitioner objected [Docket No. 9], and Magistrate Judge Erickson's R&R was adopted over Petitioner's Objections. Order [Docket No. 12].

On April 14, 2006, Respondent filed its Memorandum in Opposition ("Answer") [Docket No. 10] to the Petition for Habeas relief. Petitioner later filed a Reply [Docket No. 11]. In his R&R of January 4, 2007, Magistrate Judge Erickson recommended dismissal of Petitioner's entire Petition with prejudice. R&R at 30.

Petitioner objects to the R&R on a single ground, arguing that his Due Process rights were violated because the trial court did not review all of the records requested by Petitioner in his motion for disclosure of exculpatory and impeaching information. Objections at 1. Petitioner argues that he has shown by clear and convincing evidence that all of the documents subject to the court order for production of confidential documents pursuant to Brady v. Maryland, 373 U.S. 83 (1963), were not produced. Id. at 9. Petitioner does not object to any other of the R&R's recommendations, therefore, this Court will review only the Brady issue.

### III. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

2

The Brady rule provides that the prosecution must turn over to the defense all information in its possession that is favorable to the accused and material to either guilt or punishment. Brady, 373 U.S. at 87. A violation of this rule is established if a defendant shows that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the accused, and (3) the evidence was material. Banks v. Dretke, 540 U.S. 668, 691 (2004); see also United States v. Carman, 314 F.3d 321, 323-24 (8th Cir. 2002).

Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Clay v. Bowersox, 367 F.3d 993, 1000 (8th Cir. 2004) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). "A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.'" Carman, 314 F.3d at 324 (quoting United States v. Ryan, 153 F.3d 708, 712 (8th Cir. 1998)). "Materiality is to be determined . . . by consideration of 'what the government's case would have looked like if the defense had had access to the suppressed evidence.'" Id. (citation omitted). When, as here, the potential Brady evidence implicates the privacy of one of the government's witnesses against the defendant, the defendant has a constitutional right to have the documents submitted to the trial court for an *in camera* review, after which, the trial court will release the relevant and material information to the defense. See Pennsylvania v. Ritchie, 480 U.S. 39, 59-60 (1987).

In this case, the trial court conducted an *in camera* review of the records subject to defendant's request. State v. Begordis, No. A03-293, 2004 WL 1326083, at *3 (Minn. Ct. App. June 15, 2004). The trial court released the documents it deemed to be discoverable to the defendant. Id. Due to the privacy interests of the minor sexual-assault victim whose records

were to be disclosed, the trial court chose not to inform the defendant of the location from which documents were obtained or which specific documents were reviewed *in camera*. Id. Petitioner appealed this decision in state court, alleging that the trial court did not review all available records that were subject to the discovery request. The Minnesota Court of Appeals conducted its own review of the documents subject to the order, and held that the trial court did not abuse its discretion. Id. The court reasoned that

> [f]rom our careful review of all the documents produced and reviewed *in camera*, we conclude that the district court properly balanced the victim's privacy interest with the defendant's interest in obtaining all information relevant to the defense.

Id.

Petitioner continues to rely, as he did in the state appellate process, on Ritchie and Love v. Johnson, 57 F.3d 1305 (4th Cir. 1995), to support his argument that clearly established federal law was misapplied and his Due Process rights were violated when the state court failed to order production of all of the documents subject to his Brady request. Objections at 5. This Court agrees with Judge Erickson that these cases are plainly distinguishable from the instant case, and that Petitioner's Due Process rights were not violated.

The court in Ritchie found a Due Process violation when the trial court failed to order production of documents subject to the request of the defendant and did not conduct an *in camera* review. 480 U.S. at 58. The state refused to produce the documents on the grounds that they were privileged under a state privacy law. Id. at 43. The trial court, acknowledging that it had not reviewed the documents itself, accepted the assertion of the state representative that there were no exculpatory documents in the requested records and refused to order the disclosure of any of the files to the defendant. Id. at 44. Similarly, in Love, relying on the reasoning of

4

Ritchie, the court found a Due Process violation where the trial court quashed a subpoena seeking the victim's medical records and failed to review any documents *in camera*. Love, 57 F.3d at 1314.

In both cases relied upon by Petitioner, the court did not engage in independent review of documents and did not require production of any documents. In Petitioner's case, the trial court issued an order requesting production of documents and conducted an *in camera* review to determine which records were discoverable without impairing the child victim's right to privacy. Additionally, the Minnesota Court of Appeals did their own independent review to determine whether the trial court had abused its discretion in declining to identify the specific documents which were subject to an in camera review. In an opinion written by Judge Wilhelmina M. Wright, the court affirmed the trial court's decision. Begordis, 2004 WL 1326083, at *3.

In his R&R, Magistrate Judge Erickson agreed with the Minnesota Court of Appeals that the trial court did not abuse its discretion. Judge Erickson also found that Petitioner has not shown by clear and convincing evidence that the trial court failed to order the records, or that the prosecution failed to respond to the trial court's directive. This Court agrees with the conclusions of Judge Erickson. As a result, Judge Erickson's R&R is adopted and Petitioner's Petition is dismissed.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   The R&R [Docket No. 15] is **ADOPTED**;

2.   Petitioner's Objections [Docket No. 16] are **OVERRULED**; and

3.   Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 8, 2007.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE